Filed 3/19/25  P. v. Parchue CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR ANDREW PARCHUE,<br><br>Defendant and Appellant. | B336411<br><br>Los Angeles County<br>Super. Ct. No. BA020010-01 |

PURPORTED APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge. Dismissed.

Robert H. Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Arthur Andrew Parchue purports to appeal from an order dismissing his petition for resentencing under Penal Code section 1172.6.[1]  However, the court dismissed the petition at Parchue's request after he insisted he wanted to "withdraw" the petition he had filed.  Accordingly, the court's order granting Parchue's request does not affect his substantial rights within the meaning of section 1237, subdivision (b) and we dismiss his purported appeal.

In 1990, a jury convicted Parchue, as well as his codefendant Darryl Dinko Sally, of the first degree murders of Lavoial Alexander and Julius Wilton Booth.  The jury found true allegations that Parchue personally used a firearm in the commission of the crimes as well as special circumstances of multiple murder and murder in the commission of robbery or attempted robbery.  (*People v. Parchue et al.* (Feb. 15, 1995, B066479) [nonpub. opn.] (*Parchue I*).)

In September 2021 Parchue filed a form petition for resentencing.  He checked boxes that said an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he had been convicted of first degree murder under the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of those murders because of changes to sections 188 and 189.  Parchue also checked the box asking the court to appoint counsel for him.

The court appointed counsel, Victor Salerno, for Parchue.  On November 4, 2021, the prosecution filed a response,

---

[1]     References to statutes are to the Penal Code.

contending Parchue was either the actual killer or in any event he possessed the intent to kill. The prosecution stated the victims were found dead in a Mercedes on the afternoon of May 24, 1990. They both had been shot to death. Booth had wanted to buy cocaine from Parchue and Sally. Parchue told a witness that he and Sally planned to give fake cocaine to Booth and Alexander for the agreed-upon price of $30,000. Parchue was armed with a .38 and Sally with a .45 or a 9mm. Three weeks later, Parchue told a man named Singleton, " 'Cuz, the motherfucker tried to grab Boxer's [Sally's] gun. The gun went off. I shot him in the back of the head. I shot, bust those fools another two times, jumped in the car and boned out.' " The prosecution attached to its response a copy of *Parchue I*, the jury instructions, and the verdicts.

On April 4, 2022, Parchue's counsel filed a reply. Counsel noted the jury had been instructed on the natural and probable consequences doctrine, with assault being the target offense. On May 2, 2022, the court issued an order to show cause and set an evidentiary hearing for June 22. The matter was continued a number of times. On November 4, Parchue filed a supplemental brief. Both sides told the court they would rely on the trial transcripts, and they filed briefs summarizing the witnesses and testimony at trial.

On May 12, 2023, counsel and Parchue appeared before the court for the evidentiary hearing. Counsel argued at length and the court took the matter under submission, ordering the parties back for June 30. However, on June 7, Parchue appeared before the court with counsel[2] who told the court Parchue was

---

[2] The prosecutor was not present in court.

making an oral motion to withdraw his petition.  The court told Parchue, "There is absolutely no guarantee that if you tried to file another 1172.6 petition that it could be heard."  Parchue replied, "Yes, sir."  After more discussion, the court asked Parchue, "So having in mind what your lawyer has discussed with you and what I've just told you in summary fashion, what is your desire, sir?"  Parchue replied, "I wish to withdraw."  The court then stated, "So the petition is withdrawn.  The court is taking no further steps on the current petition."

For reasons that don't appear in the record, a minute order dated June 7, 2023 states that, on June 30, the court would "revisit its decision" to grant Parchue's request.

Parchue filed a supplemental brief to withdraw his petition. Counsel wrote, "Petitioner disagrees with the position taken by counsel in his briefing, as well as at the hearing, and would like, in the future, to file a new petition which better reflects his views and desires in relation to his case."  On June 30, 2023, counsel and Parchue appeared before the court.  The prosecutor said he was "still researching the issue" but the People believed any order permitting Parchue to withdraw his petition had to be with prejudice.  The court said it would give the prosecutor time to conduct research, and put the matter over to August 4, 2023.

On August 4, 2023, the prosecutor told the court "the People are ready to move forward."  The prosecutor said there was "nothing new, no change in law, no new factual issue," and that Parchue wanted to withdraw his petition "based solely on his view of how the hearing went."

After hearing further argument, the court stated, "I think the most prudent thing to do is I'm going to allow the defense

4

not to withdraw the petition, but I'm going to allow them to augment their petition and give them time to do whatever they're going to do different, put that in writing." The court said it would "allow the People a chance to respond." Parchue told the court, "I would like to have other counsel." Salerno said he wished to withdraw as counsel. The court granted Salerno's request, instructed the clerk to contact the bar panel, and put the matter over. Parchue told the court, "What I was looking forward to doing is having the petition withdrawn so I can study what the 1172.6 really mean because I never understood the process."

On December 7, 2023, Parchue appeared before the court with new court-appointed counsel, Gabriel Silvers. Silvers apparently had filed a supplemental brief the day before. That brief does not appear in the record. Silvers asked if the parties were "going to set a new (d)(3) hearing on this or submit on the petition." The prosecutor proposed the court "set the (d)(3) hearing date." Counsel and the court discussed a date. Parchue then told the court, "I don't know if you was aware that I explained to Mr. Silvers that I wanted to withdraw from this whole process, that I do not wish to continue with what he plan on submitting to the court."

Silvers told the court he and Parchue had "talked about it" and he had made changes to the brief that Parchue requested. After further discussion, the court said, "It sounds to me that he is comfortable withdrawing from [the] 1172.6 hearing because it would not produce the outcome that he's looking for." The court asked Parchue, "Am I correct, sir?" Parchue replied, "Yes, sir."

5

The prosecutor said the People objected to Parchue withdrawing his petition. The prosecutor asked if "it be with prejudice if it's on the same ground," adding, "[i]f it's something new, he can file it." The court asked Parchue, "Sir, do you understand what he's saying, sir?" Parchue replied, "Yes." The court continued,

> "All right. So he's asking the court to bar you from filing another 1172.6 petition on the same grounds that have already been asserted either by Mr. Silvers or your previous lawyer. You understand that?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: Okay. If it was something different, okay . . . that would be different. But if it's on the same grounds, you change your mind again, I want to reassert this, I'm going to bar you from that. Okay. If it's something different, no problem. Understood?
>
> "THE DEFENDANT: Yes."

The court then stated, "So I'm going to find that this dismissal is with prejudice if in the future you decide to refile 1172.6 on the same grounds that have already been asserted. Understood?" Parchue replied, "Yes." The court said, "So that will be the court's order."

On January 9, 2024, Parchue filed a notice of appeal. He stated the date of the order appealed from was December 7, 2023 and he checked the box for "Other," typing in, "Penal Code § 1172.6."

We appointed counsel to represent Parchue on appeal. Counsel filed an opening brief noting Parchue had "not attempted to refile the petition" and, "[a]t this time, the court's order after judgment does not appear to affect Mr. Parchue's substantial rights under Penal Code section 1237, subdivision (b)." Counsel asked that we "independently review the entire record on appeal for arguable issues" under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216. Counsel stated he'd advised Parchue "of [the] nature of this brief" and that Parchue had the right to file a supplemental brief or letter within 30 days.

On September 6, 2024, we received a letter from Parchue. Parchue states, "i'm writing this letter to notify the court that i do want to continue my appeal concerning the 1172.6(d)(3) process that occurred from 8.2022 to 12.2023." Parchue complains about all three of his appointed counsel and states, "i would like to have another attorney be appointed to represent me." Parchue continues, "My argument is that, in the confusion of things, it was a big misunderstanding the judge misconstrued my request and mistakenly pulled the petition that show that i'm qualified and eligible to be through this process."

In sum, Parchue repeatedly insisted he wanted to withdraw his petition for resentencing and "withdraw from [the] whole process." After lengthy proceedings, the court granted Parchue's request. Accordingly, the dismissal of his petition was at his own insistence and, consequently, the court's order does not affect his substantial rights within the meaning of section 1237, subdivision (b). It is not an appealable order.

7

## DISPOSITION

We dismiss Arthur Andrew Parchue's purported appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.